DREW, Justice.
The above cases were consolidated for hearing before this Court on petition for writ of certiorari to review an order of the full commission which supports in part the findings of fact and order of the deputy-commissioner [1] because there is competent *416 substantial evidence which accords with logic and reason to buttress the findings, but which strikes a portion of the findings and modifies the order of the deputy commissioner because those portions are not supported by the evidence.
At the hearings held on December 16, 1958 and July 14, 1959 there were only two witnesses, the claimant Jerry Socalis and his physician, Dr. James F. Lyons. As a result of the hearings, as reflected in the order of the full commission, the two insurance carriers and the attorney for the claimant entered into a stipulation that the claimant had sustained a 40% permanent partial disability of the body as a whole due to a diminution of earning capacity as a result of one or both accidents. However, the claimant testified he had no disability of a permanent nature following the accident of October 28, 1957 and that he returned to work on February 14, 1958 with the following effect:
“Q. You continued to do light work up until you were injured the second time?
“A. On February 14, I started doing anything that came along.
“Q. Did that heavy work hurt you ?
“A. No, sir.”
At the hearing of July 14, 1959 uncontro-verted medical testimony was adduced that the claimant sustained a 10% permanent partial disability of the body as a whole due to the first accident. This was the only determination of permanent disability made in connection with and applying to the first accident of October 28, 1957. At the same hearing, Dr. Lyons testified the final determination of the resulting disability was an *417 other 10% or a total functional disability of 20%.[2]
The deputy commissioner, in keeping with the dictates of this Court in Southern Bell Telephone & Telegraph Co. v. Bell, Fla.1959, 116 So.2d 617, in which the decision of Ball v. Mann, Fla.1954, 75 So.2d 758 was reaffirmed, made a specific finding #12 on loss of earning capacity.
The finding accurately covered the claimant’s age, education, industrial history, physical condition and inability to obtain work. These are the essential variables outlined by this Court as tests of loss of wage earning capacity. There was no presumption on the part of the deputy commissioner but a proper and valid finding based not only on functional disability but also on economic disability as well.
It is argued the deputy improperly calculated the average weekly wage of the claimant. The claimant’s work consisted of hanging and replacing awnings and making frames. When business was good, claimant worked nine to ten hours per day and, if the weather was good, six or seven days per week. Claimant, once he returned to work following the first accident, was able to do all the heavy work he had performed previously and at the same rate of pay. Claimant admits that the year 1958 was a bad year for the awning business and his employment was affected thereby. The record reveals that the average weekly wage for this employee for the previous thirteen weeks prior to the accident was $22.25 per week whereas the deputy commissioner determined the average weekly wage to be $60.00 based on a full 40 hour week at $1.50 per hour making the rate of compensation $35.00 per week.
The petitioner Manufacturers Casualty Company argues the instant case is on all fours with the case of Adams v. Florida Industrial Commission, Fla.App.1959, 110 So.2d 455. The Adams case is clearly distinguishable in that in the findings of fact of the deputy commissioner in the Adams case there was no finding as to whether the method provided in subsection (1) of Section 440.14 Florida Statutes (1957) F.S.A., could be “reasonably and fairly” applied. The full commission in the Adams case affirmed the order of the deputy commissioner and likewise made no finding as to such reasonableness and fairness.
Such is not the situation here. The deputy made the express and direct findings on this point.[3]
The full commission did not specifically pass on the point but did generally affirm the findings of fact of the deputy commissioner of which this is one. We hold that, insofar as the instant case is concerned and basing the finding on the record herein, there is competent substantial evidence to support this portion of the finding of the deputy.
Lastly, we come to the question of whether the full commission made a finding of fact when it apportioned the disability of the claimant equally between the Manufacturers Casualty Insurance Company and the Travelers Insurance Company after the deputy commissioner had apportioned *418 the disability between the two carriers, one-fourth Manufacturers Casualty Insurance Company and three-fourths Travelers Insurance Company. The function of the full commission in this respect is to ascertain if the findings of the deputy commissioner were supported by competent substantial evidence.[4]
The full commission erroneously ordered that findings of fact numbers 10 and 11 be stricken from the general findings of the deputy commissioner as not being supported by the evidence. These two findings properly apportioned the permanent partial disability between the two injuries and must be read in pari materia with the remainder of the findings for a proper evaluation of the total findings. We have held in Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503, 506, that the “statement of facts should be clear and unambiguous and should be sufficiently definite and detailed to enable the reviewing authority to test the validity under the law of the decision resting upon those facts.” If the deputy commissioner sets forth a proper statement of facts, an intelligent review of the order is possible.
The full commission in striking the two sections of the findings in substance made substitute findings in order to arrive at the conclusion contained in its order that the apportionment should be on an equal basis instead as the deputy commissioner found.[5] The deputy resolved the material facts and we have ascertained his findings on the apportionment feature of the instant case, insofar as the two accidents are concerned, are properly supported by the evidence.
The two carriers are not contesting the total percentage of the claimant’s permanent partial disability nor the amount of the award of the attorney’s fee to the claimant’s attorney. The special disability fund stipulated as to its responsibility for reimbursement of compensation at the hearing below at which it voluntarily appeared and in which it participated by the examination of witnesses. Because the question is not raised here we do not pass upon the power of the representatives of the fund to act in this capacity under the 1957 statute.[6] Under the present law the question is moot. The stipulation makes no provision for attorney’s fees and, inasmuch as the deputy commissioner had no statutory authority under the act then in effect to make such an assessment against the special disability fund, such award was erroneous and should be vacated. These fees should follow the apportionment formula of the compensation award.
The petition for writ of certiorari of Manufacturers Casualty Insurance Company is denied in part and granted in part. The petition for writ of certiorari of the Travelers Insurance Company is denied. This cause is remanded to the full commission with directions to remand to the deputy for the entry of an order consistent with the views herein expressed.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON and ROBERTS, JJ., concur.

. “1. That on or about October 28, 1957, Jerry Socalis, claimant, received a permanent back injury by accident arising out of and in the course of his employment with the Miami Beach Awning Company when he stepped into a hole and fell on his back. This accident will hereafter be referred to as the first accident.
“2. That on or about May 8, 1958, claimant received a permanent back injury by accident arising out of and in the course of his employment with the Miami Beach Awning Company when he strained his back in carrying a long pipe up a ladder. This accident will hereafter be referred to as the second accident.
“8. That at the time of the first accident, the Manufacturers Casualty Company was the carrier for said employer.
“4. That at the time of the second accident the Travelers Insurance Company was the carrier for said employer.
“5. That claimant has been paid proper compensation for his temporary total disability resulting from the first accident.
“6. That as a result of the second accident claimant was temporarily and totally disabled from May 8, 1958, date of said second accident, until July 81, 1958, entitling claimant to workmen’s compensation therefor from May 13, 1958 to July 81, 1958, at the rate of $35.00 per week, loss the sum of $146.85 heretofore paid claimant by the Travelers Insurance Company.
“7. That at the time claimant was so injured in said accidents he was working on a part time basis because his employer failed to provide full time work for him. That neither the claimant nor a similar employee has worked in said employment during substantially the whole of 13 weeks immediately preceding said injuries. That the methods provided by Section 440.14(1) and Section 440.12(2) cannot reasonably and fairly be applied. That the full time weekly wages of said claimant at the time of each of said accidents was $60.00, based on a 40 hour week at $1.50 an hour, making his rate of compensation $35.00 per week.
“8. That on July 14, 1959, the Miami Beach Awning Company and the Travelers Insurance Company filed with the Florida Industrial Commission their Notice of Claim against the Special Disability Fund, alleging:
“ ‘Comes now, Miami Beach Awning Co., employer, and The Travelers Insurance Company, its workmen’s compensation insurance carrier, and files this their notice for reimbursement of compensation benefits against the Special Disability Fund, with the Florida Industrial Commission, and for grounds therefor state:
“ T. Jerry Socalis, employee, was injured on October 28, 1957 in an accident arising out of and in the course of his employment with Miami Beach Awning Co., sustaining injuries involving the leg and back, said injuries resulting in a permanent or residual disability.
“ ‘2. On May 8, 1958, Jerry Socalis, employee, was allegedly again injured in an accident arising out of and in the course of employment with Miami Beach Awning Co., alleging that such accident resulted in permanent or residual disability.
“ ‘3. Claim for compensation and medical benefits for and on account of both the aforesaid accidents, i. e., October 28, 1957, and on May 8, 1958, is presently pending before the Florida Industrial Commission.
“ ‘4. In the event that the Commission determines the employee has a permanent disability as the result of the second accident, i. e., May 8, 1958, this Notice is intended to comply with the provisions, for such Notice, as provided in Section 440.15(5). F.S.A., styled “Subsequent Injury; Special Disability Fund”, as though fully recited herein.’
*416 “9. That as a result of the first accident claimant sustained a 10% permanent partial disability of the body as a whole due to a permanent back injury so incurred.
“10. That as a result of said second accident and the permanent back injury incurred thereby, claimant sustained an additional 30% permanent partial disability of the body as a whole. That due to the combined effect of the two permanent back injuries sustained in the first and second accidents as aforesaid, claimant now has a 40% partial disability of the body as a whole.
11. That claimant’s permanent partial disability of the body as a whole due to the permanent back injury sustained in the second accident would have been only 10% of the body as a whole had claimant not had at the time of the second accident the pre-existing 10% permanent partial disability caused by the permanent back injury claimant sustained in the first accident. That the Travelers Insurance Company will be entitled to reimbursement from the Special Disability Fund for all workmen’s compensation it shall pay to claimant pursuant to this Order in excess of 10% permanent partial disability of the body as a whole.
“12. That claimant is 58 years of age; he was born in Greece; went to school in Greece through the eighth grade; ■came to this country in 1916; has not ibeen to school in the United States; has worked as dish washer, truck driver, chauffeur, fruit juice stand operator, maintenance man in hotel, waiter, car checker and six years with Miami Beach Awning Company, installing awnings. As a result of said two permanent back injuries claimant has a functional disability of 20%, 10% attributable to the first accident and 10% attributable to the second accident. That as a result of the combined effect of said two permanent back injuries claimant has sustained a 40% impairment of his wage earning capacity, due to the fact that he cannot now do heavy work or work involving bending his back, and due to the fact that he cannot obtain steady employment at light work because of his limited education and industrial training.
“13. That the Manufacturers Casualty Company is liable for all outstanding unpaid medical bills incurred in treatment of claimant’s injuries sustained in the first accident rendered prior to the second accident and the Travelers Insurance Company is liable for all outstanding unpaid medical bills incurred in the treatment of claimant’s injuries subsequent to the second accident. That claimant is entitled to reimbursement for any expenditures that he may have made in this respect.
“14. That claimant’s attorney is entitled to a reasonable attorney’s' fee of 81,250.00 for the legal services rendered claimant in this cause.”

. “The Commissioner: Doctor, do you have an opinion based on reasonable medical certainty as to whether or not the claimant suffered any permanent disability as a result of the second accident?
“The Witness: I think so. I think we could get him up another 10 per cent, so he has got about 20 per cent.
“The Commissioner: As a result of your examination of July 18, 1959, do I understand that you feel that the man has a functional disability of 20 per cent, 10 per cent attributed to the first and 10 to the second?
“The Witness: Yes, because, as I say, on the second accident, had it not occurred he may have gone on indefinitely without any further pain. I mean I base this on experience, that is all, having seen these cases over and over again and watching what happens.”

. See finding in paragraph 7 in footnote #1.

. U. S. Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.

. See findings 10 and 12 in footnote #1.

. See Florida Industrial Commission ex rel. Special Disability Fund v. National Trucking Co., Fla.App.1958, 107 So.2d 397.