232 So.2d 739 (1970)
Ronald Vance PENUEL, Deceased, Diane Penuel, Widow, Petitioner,
v.
CENTRAL CRANE SERVICE, Drake Construction Company and Aetna Casualty & Surety Company, and Florida Industrial Commission, Respondents.
No. 38689.
Supreme Court of Florida.
March 11, 1970.
Rehearing Denied April 9, 1970.
*740 Eric E. Wagner, Ocala, for petitioner.
Pattillo, MacKay & McKeever, Ocala, for respondents.
ADKINS, Justice.
By petition for certiorari petitioner-claimant, widow of a deceased employee, seeks review of an order entered by the Florida Industrial Commission (now known as Industrial Relations Commission) reversing and remanding an award of compensation entered by the Judge of Industrial Claims.
The only disputed matters between the employer and the claimant were, (1) the deceased employee's average weekly wage, and (2) the claimant widow's entitlement to, and the amount of, attorney's fee.
Ronald Vance Penuel was killed instantly in an accident arising out of and in the course of his employment with Central Crane Service on July 27, 1967, leaving as his survivors the claimant and a minor son. Decedent worked for Drake Construction Company from May 31, 1967 through July 18, 1967. He began his employment with Central Crane Service, an operating division of Drake Construction Company, on July 19, 1967, and was employed there until his death on July 27, 1967. He worked seven days during this nine-day period and earned a total of $114.53. Of this sum $83.13 was earned during the work-week prior to his death.
At the time of his death the employee's wage rate was $1.75 an hour for an expected forty-hour week, or $70.00 per week. Fla. Stat. § 440.14, F.S.A. contains the following provision:
"Except as otherwise provided in this chapter, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined subject to limitations of subsection (2) of § 440.12 as follows:
"(1) If the injured employee shall have worked in the employment in which he *741 was working at the time of the injury, whether for the same or another employer, during substantially the whole of thirteen weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said thirteen weeks.
"(2) If the injured employee shall not have worked in such employment during substantially the whole of thirteen weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such thirteen weeks shall be used in making the determination under the preceding paragraph.
"(3) If either of the foregoing methods cannot reasonably and fairly be applied the full-time weekly wages of the injured employee shall be used, except as otherwise provided in subsections (4) or (5) of this section."
It was stipulated that the decedent had not worked in the employment in which he was engaged at the time of his death for thirteen weeks or a substantial part thereof and it was also stipulated that there were no similar employees in the same employment. Accordingly, the Judge of Industrial Claims correctly found that Fla. Stat. §§ 440.14(1) and 440.14(2), F.S.A., were not applicable. We must determine whether the Judge of Industrial Claims was correct in holding that the "full-time weekly wages" under Fla. Stat. § 440.14(3), F.S.A. was $83.13 instead of the agreed wage rate of $1.75 an hour for an expected forty-hour week or $70.00. The Judge of Industrial Claims construed this phrase to mean the actual earnings of the employee during the last week of his employment and rejected the employer's contention that "full-time weekly wages" should be determined by reference to the employer's and employee's anticipation as to wages during a full week of employment.
The employer relies upon Rainey v. Lafayette Grill, Inc., 2 F.C.R. 208 (1956) cert. den., Century Indem. Co. v. Rainey, 97 So.2d 304 (Fla. 1957), where Rainey had entered into an agreement with the employer to paint a sign over a four-day period for an apparent contract price of $130.00, with the understanding that Rainey was to be treated as an "employee" notwithstanding his obvious status as an independent contractor. On the first day of employment Rainey was injured. The Deputy Commissioner fixed his "average weekly wage" as $130.00 and awarded compensation accordingly. However, in affirming this finding the Full Commission pointed out that Rainey had not earned a dime prior to the accident and it was therefore necessary to use, as the full-time weekly wage of the injured employee, the contemplated full-time weekly wage of the employee.
The employer also cites Holt v. Blue Ribbon Construction Company, 3 F.C.R. 29 (1957) where employee Holt had been employed as a laborer at $1.25 per hour for a contemplated work week of forty hours. He was injured after only four weeks of employment during which he had earned $27.50, $31.88, $60.00 and $56.25, respectively. The Deputy Commissioner made the following findings, inter alia:
"4. That the claimant was hired as a laborer at $1.25 per hour for so many hours work as was available due to the nature of the employer's activities.
"5. That the average work week as contemplated by the employer when hiring employees, was eight hours per day, five days per week."
It was determined that Holt's average weekly wage was $50.00, based on $1.25 per hour for an eight-hour day, five-day work week, notwithstanding actual earnings of $60.00 and $56.25 in the last two weeks of actual employment. The Full Commission affirmed holding that there was competent substantial evidence to support the findings based upon the contemplated contract of employment.
In other words, respondent employer says that the "contemplated contract of *742 employment" rather than "actual earnings" should be used to determine the full-time weekly wage.
In the case sub judice, employer's president testified that the company was "real pleased" with the decedent; that "he seemed very interested and wanted to learn." He also testified that he preferred to pay crane operators, such as decedent, on a weekly basis for their benefit but under the wage and hour law the company was unable to do this. At the time of the accident, it was the policy of the company to work out a method by which crane operators could average $120.00 per week. In slack times there was other work available so that the crane operator would receive this amount of money each week. Although decedent had not been with the company long enough to get into this program completely, the president of the company stated that this would have been the policy toward the decedent. These facts clearly distinguish the case sub judice from Rainey v. Lafayette Grill, Inc., supra, and Holt v. Blue Ribbon Construction Company, supra. The mean wage to be paid decedent was $1.75 an hour, but the employment contemplated additional income. There was competent substantial evidence to sustain the finding of the Deputy Commissioner that the average weekly wage of decedent was $83.13.
This holding is in accord with Missildine v. Winter Garden Citrus Products, 4 F.C.R. 51 (1959) where claimant had worked 8.3 hours one day at a wage of $1.00 per hour and the following week he worked 83.2 hours (seven days) at the same rate of pay. The parties stipulated that claimant had not worked thirteen weeks immediately preceding the date of the injury and the record was devoid of any evidence of wages of employees in the same or similar employment. The Full Commission considered Fla. Stat. § 440.14(3), F.S.A. in determining the average weekly wage and held that the average weekly wage was the sum of $83.20, or the full-time weekly wage of claimant immediately prior to the injury. In other words, the actual earnings constituted the "full-time weekly wage" even though it was at a peak period of earnings.
Respondent employer also relies upon Miami Beach Awning Company v. Socalis, 129 So.2d 414 (Fla. 1961). In this case the average weekly wage of the employee for the previous thirteen weeks prior to the accident was $22.25 per week, but the Deputy Commissioner determined the average weekly wage to be $60.00 based on a full forty-hour week at $1.50 per hour. The Deputy Commissioner found that the method provided in Subsections (1) and (2), of § 440.14, Fla. Stat., F.S.A., could not be "reasonably and fairly" applied. This Court held that there was competent substantial evidence to support the finding of the Deputy and distinguished Adams v. Florida Industrial Commission, 110 So.2d 455 (Fla.App.1st 1959) in that the Deputy Commissioner in the Adams case failed to find that Subsection (1) of § 440.14, Fla. Stat., F.S.A., could not be "reasonably and fairly" applied. The Adams case involved a fluctuation in wages according to the season and the award was based upon the wages earned during the thirteen weeks immediately prior to the accident even though this was during an off-season when wages were the lowest.
As stated above, the decedent in the case sub judice had begun his training as a crane operator and it was the intent of the employer to arrange his working hours so that he would eventually earn $120.00 per week.
The "full-time weekly wage" as contemplated by Fla. Stat. § 440.14(3), F.S.A., may be determined either by the "contract of employment" or the "actual earnings," according to the circumstances of each case. These circumstances should be shown by competent substantial evidence and Fla. Stat., § 440.14(3), F.S.A., should be reasonably and fairly applied to the facts proven. The finding that the average weekly wage of decedent as $83.13 was fully justified. This is apparent when Subsection *743 (3) of § 440.14, Fla. Stat., F.S.A., is reasonably and fairly applied to the facts proven by competent substantial testimony.
The Full Commission, in remanding the case, directed the Judge to reconsider the amount of attorney's fee to be awarded claimant's attorney and invited the Judge's attention to the case of Lee Engineering & Construction Company v. Fellows, 209 So.2d 454 (Fla. 1968).
At the hearing it was stipulated that each attorney would prepare affidavits as to the amount of fees due claimant's attorney in the event of an award and that claimant's attorney would submit a schedule of work done. It was further stipulated that when this was done the Judge of Industrial Claims would set the attorney's fee. In accordance with this stipulation claimant's attorney filed a memorandum regarding work done and also filed the affidavit of an attorney with twenty-three years' experience as to the amount which would constitute a reasonable attorney's fee for claimant's attorney. This complied with the mandate of Lee Engineering & Construction Company v. Fellows, supra.
Furthermore, respondent does not argue the reasonableness of the fee but merely says the Commission properly held that a reversal of the compensation order upon the wage question would require reconsideration of the amount of the fee.
The order of the Full Commission is quashed and the cause is remanded with directions to reinstate the compensation order of the Judge of Industrial Claims.
The petition for attorney's fee filed by petitioner is granted in the sum of $350.00.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and BOYD, JJ., concur.