418 So.2d 1271 (1982)
FLORIDA CAST STONE and Royal Globe Insurance Co., Appellants,
v.
Carl W. DEHART, Appellee.
No. AF-358.
District Court of Appeal of Florida, First District.
September 8, 1982.
*1272 John S. Smith of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Tampa, for appellants.
John A. Williamson of Barrs, Williamson & Levens, Tampa, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
The deputy's order is supported by law and by substantial competent evidence on each of the five points argued by the carrier's appeal. It is necessary to discuss only one of those points, by which the carrier contends that the deputy's calculation of claimant's average weekly wage, section 440.14, Florida Statutes (1978 Supp.), resulted in an excessive compensation rate. The deputy fixed that rate at $74.31 per week; the carrier devotes five pages of its brief to argument that we should reverse this finding and fix the compensation rate at $61.94 per week. The amount in controversy, then, is $12.37 per week.
The carrier's argument goes like this: Claimant did not work substantially the whole of 13 weeks immediately before his injury, so the statutory calculation prescribed for such workers is inapplicable. (The deputy agreed.) Because claimant's job was one of a kind and new at that, there was no "similar employee in the same employment" whose wages might be looked to for guidance. (The deputy agreed.) Because claimant was not a seasonal worker, the calculation appropriate for such cases was inapplicable. (The deputy agreed.) So, the carrier argues, the deputy committed reversible error when he determined claimant's average weekly wage by dividing the number five, that being the number of weeks claimant worked continuously just before his injury, into the wages earned and paid during that time; the carrier urges that the deputy should have divided the number seven, that being the number of weeks claimant did at least some work during the 13 weeks preceding his injury, into the total wages earned in those seven weeks. In those two additional and more remote weeks claimant worked little and earned comparatively little.
In support of its contention the carrier cites Davidson Lumber Company v. Smith, 390 So.2d 1221 (Fla. 1st DCA 1980), itself citing Imperial Frame Corporation v. Santos, IRC Order 2-3043 (Oct. 13, 1976), cert. den., 345 So.2d 423 (Fla. 1977). But it does not appear that the carrier cited those decisions to the deputy, nor that the carrier urged to the deputy that there is but one calculation suitable for determining the worker's full time weekly wages, section 440.14(4), in cases such as this. See Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
At any rate the deputy's task was, as the deputy rightly stated, to determine the full-time weekly wages of the injured employee, section 440.14(4), by applying the statutory guidelines "reasonably and fairly ... to the facts proven." Penuel v. Central Crane Service, 232 So.2d 739, 743 (Fla. 1970). In this the deputy was not a cipher or a calculating robot, but was a judge of claimant's unique employment situation. The deputy's order traces his reasoning in commendable detail, and he concluded that "the fairest and most reasonable way to determine the average weekly wage is to add the five weeks during which the Claimant worked continuously, although not full weeks, immediately prior to the accident, and divide by five."
The carrier's argument on the $12.37 issue does not prevail over the deputy's assessment of the evidence. The carrier has neither sustained its position as a matter of law nor demonstrated that the deputy did not "reasonably and fairly" apply the statutory guidelines.
AFFIRMED.
ERVIN, J., concurs.
SHAW, J., dissents with opinion.
SHAW, Judge, dissenting.
The employer/carrier appeal a worker's compensation order finding claimant permanently totally disabled, calculating his average weekly wage at $123.85, ordering provision of further medical care and awarding attorney's fees and costs.
*1273 Claimant, sixty-two years old at the time of his industrial injury, was afflicted with a pre-senile dementia known as Alzheimer's Disease, which was not diagnosed until a year and one-half after his industrial accident. Medical testimony reflects that the disease and psychiatric problems resulting from the claimant's accident are interwoven, making it impossible to distinguish the preexisting disease from the results of the accident, or to facilitate an apportionment or segregation of the effects of the preexisting disease. In such instances, when there is no evidence of the percentage of the total disability attributable to the natural progression of the preexisting disease, the failure of the deputy to apportion is not error. Cover v. T G & Y Store # 1331, 405 So.2d 985 (Fla. 1st DCA 1981).
The employer/carrier's next challenge is to the deputy's determination of average weekly wage. Claimant did not work substantially the whole of thirteen weeks immediately preceeding the injury, as contemplated by section 440.14(1)(a), Florida Statutes (1979). Sections (1)(b) and (1)(c) are similarly inapplicable since there was no similar employee and claimant was not a seasonal worker. Claimant worked the last five weeks preceeding the accident and during one other two-week period of the thirteen weeks preceeding. The deputy commissioner found that the fairest and most reasonable way to apply the statute was to take the average of the weekly wages claimant earned during the last five weeks before the accident. The employer/carrier argue for adding into the average the additional two-week period during which claimant worked little. Neither method is proper. Averaging past earnings for other than the entire thirteen-week period is impermissible. Simpkins v. Watson, 397 So.2d 432, 434 (Fla. 1st DCA 1981). When the legislatively prescribed retrospective methods are inapplicable, the average weekly wage should be computed prospectively in accordance with section 440.14(1)(d). Id. I would therefore reverse on this issue and remand for reconsideration of average weekly wage.
The employer/carrier raise prematurely the issue of the circumcision and penile implant. Contrary to the appellants' assertion, the carrier has not been ordered to provide this surgery. The decretal portion of the order directed that the claimant be furnished "such further medical care and treatment as the nature of his injury or the process of his recovery may require in the manner and for the period provided by law." Only that section of the order is binding on the appellants, not expressions of reasoning found in other parts of the order. See American International Aluminum Corp. v. Perez, IRC Order 2-2413 (October 8, 1973). I find no error in the award and would accordingly affirm.
The final issue raised by the employer/carrier concerns the award of attorney's fees. This award should be reconsidered in light of my suggested reversal of average weekly wage.
I would AFFIRM in part, REVERSE in part, and REMAND for proceedings consistent with my dissent.