454 So.2d 724 (1984)
ORANGE-CO OF FLORIDA and Liberty Mutual Insurance Company, Appellants,
v.
Antoinette WALDROP, Appellee.
No. AW-500.
District Court of Appeal of Florida, First District.
August 15, 1984.
David J. Williams and Manuella C. Napier of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellants.
Richard R. Roach, Jr., of Woods, Murray & Roach, P.A., Lakeland, for appellee.
MILLS, Judge.
Orange-Co of Florida and Liberty Mutual Insurance Company (E/C) appeal from a workers' compensation order determining, among other things, Waldrop's average weekly wage. We find merit in the E/C's contention that the average weekly wage was erroneously based on a contract of employment and reverse on that issue. In all other respects, we affirm.
The deputy stated in his order:
I find the claimant had an average weekly wage at the time of her accident of $146.80 per week. I base this finding on her testimony that she was earning $3.67 per hour and I base it also on the employer and carrier's wage statement which confirms that earnings. The employee testified that she was hired to work 40 hours a week, there being absolutely no other testimony, I accept that as the contract rate. In other words, $3.67 for a 40 hour week or $146.80, giving her a compensation rate of $92.87 per week.
Clearly, the deputy applied Section 440.14(1)(d), Florida Statutes (1983), which provides for the determination of an *725 average weekly wage based on the full-time weekly wages of the injured employee. Under this provision, full-time weekly wages must be determined prospectively by using either the contract of employment or the claimant's actual earnings. Bruck v. Glen Johnson, Inc., 418 So.2d 1209, 1211 (Fla. 1st DCA 1982). The E/C points out, and we agree, that despite the deputy's finding of a contract of employment for 40 hours per week, there is nothing in the record indicating a contract of employment for any period of time. Waldrop's full-time weekly wages, therefore, should have been determined using her actual earnings as set out in the wage statement furnished by the E/C and admitted into evidence without objection. We hasten to add that this does not mean the average weekly wage must be determined by simply dividing the total number of weeks worked immediately before the injury into the wages paid during that time. The deputy's duty is to reasonably and fairly determine average weekly wage. Florida Cast Stone v. Dehart, 418 So.2d 1271 (Fla. 1st DCA 1982).
That part of the order determining average weekly wage is reversed and the cause remanded for a determination of average weekly wage consistent with this opinion.
BOOTH and BARFIELD, JJ., concur.