PER CURIAM.
This is an appeal of a worker’s compensation order imposing penalties and interest against a carrier in receivership and calculating Claimant’s AWW based on a contract-for-hire basis. The JCC was made aware that the carrier was in receivership at the time of the hearing and that United Self Insured Services was handling Claimant’s claims. United Self Insured Services is a contract third-party adminis *500 trator for the Florida Workers’ Compensation Insurance Guaranty Association, Inc. Therefore, section 631.913(2), Florida Statutes (1999), precludes the imposition of penalties and interest against United Self Insured Services. Accordingly, we reverse the JCC’s award of penalties and interest to Claimant.
The JCC also abused its discretion in using a contract-for-hire basis in calculating Claimant’s AWW. Jackson v. Hochadel Roofing Co., 657 So.2d 1266, 1267 (Fla. 1st DCA 1995). Section 440.14(1), Florida Statutes (1999), outlines the methods for calculating a claimant’s average weekly wage. In this case, Claimant did not work “substantially the whole of 13 weeks immediately preceding the injury” but was not a seasonal worker. The E/C also was unable to provide any evidence of a “similar employee.” Therefore, section 440.14(l)(d) requires that “the full-time weekly wages of the injured employee shall be used” to calculate the AWW.
For purposes of section 440.14(l)(d), case law clearly holds that a “full-time” work week need not be a 40-hour week. See generally Mauranssi v. Centerline Utils. Contract Co., 685 So.2d 66, 68 (Fla. 1st DCA 1996). Claimant’s work week should be determined prospectively by using either the contract of employment or the actual earnings on the job where Claimant was working at the time of the injury. Id.; Orange-Co of Fla. v. Waldrop, 454 So.2d 724 (Fla. 1st DCA 1984).
In the present case, competent, substantial evidence does not support the JCC’s conclusion that Claimant’s AWW should be based on a contract for hire of $6.00 per hour for a 40-hour week. The record contains no evidence of a contract for any length of time or a contract requiring 40 hours per week. The employer’s representative and Claimant both testified that the number of hours worked during a week depended on the job assignment. Claimant did not have any expectation of work beyond the job assigned; employment at that rate lasted for either a day or as long as the job assignment required. Claimant had no guarantee of a minimum work week. Therefore, the JCC should have used Claimant’s actual wages as set out in the wage statement presented by the E/C. Therefore, we reverse and remand for a determination of Claimant’s AWW consistent with this opinion.
REVERSED and REMANDED for further proceedings.
BOOTH, VAN NORTWICK and LEWIS, JJ., concur.