PER CURIAM.
In this workers’ compensation case, the Judge of Compensation Claims (JCC) adopted as the claimant’s average weekly-wage (AWW) the determination of the employer/earrier (E/C) that such should be based on a 20-hour workweek. Nothing in the record supports this determination, however. The parties agree that the claimant had worked 32 hours during his four days of employment and that section 440.14(l)(d), Florida Statutes (2003), governs the calculation of the AWW in this case. Similar to the situation in Able Body Temporary Services v. Lindley, 867 So.2d 499 (Fla. 1st DCA 2004), we find the JCC abused her discretion in adopting the E/C’s determination of the AWW. See also, e.g., Jackson v. Hochadel Roofing Co., 657 So.2d 1266, 1267 (Fla. 1st DCA 1995) (“When there is no contractual provision governing the number of hours the claimant, will work per week, the JCC must calculate the AWW based upon the actual wages earned.”); Orange-Co of Fla. v. Waldrop, 454 So.2d 724, 725 (Fla. 1st DCA 1984) (“[T]here is nothing in the record indicating a contract of employment for any period of time. Waldrop’s full-time weekly wages, therefore, should have been determined using her actual earnings as set out in the wage statement furnished by the E/C and admitted into evidence without objection.”). Accordingly, we reverse and remand for the JCC to use the claimant’s actual wages in determining his AWW.
REVERSED and REMANDED.
KAHN, C.J., WOLF and BENTON, JJ., concur.