# First District Court of Appeal
## State of Florida

_____

No. 1D2023-0827

_____

Detroit Tigers, Inc. and
Sedgwick Claims Management
Services, Inc.,

    Appellants,

    v.

Austin Sodders,

    Appellee.

_____

On appeal from the Office of the Judges of Compensation Claims.
Robert A. Arthur, Judge of Compensation Claims.

Date of Accident: May 25, 2018.

June 12, 2024

Long, J.

Detroit Tigers, Inc., and Sedgwick Claims Management Services, Inc., appeal a final workers compensation order entered by the Judge of Compensation Claims ("JCC"). They challenge the determination of Austin Sodders' average weekly wage ("AWW"). Because the AWW was improperly calculated, we reverse the order.

## *Facts*

Sodders entered into a seven-year Minor League Uniform Contract ("Contract") with the Detroit Tigers organization to play

as a left-handed pitcher.  Under the Contract, Sodders' salary would vary depending on the minor-league subclassification in which he was playing.  The salary would be paid in a predetermined amount during each month of the championship playing season (the five-month playing season).

Sodders' obligations under the Contract were not limited to the championship playing season.  If necessary, he was expected to perform services on a calendar year basis, such as playing in exhibition games, winter league games, and post-season series.  Even so, Sodders was permitted to obtain other employment and earn income from other sources during the off-season.  But Sodders did not find alternative employment, and the record reflects that he did not intend to work during the off-season.

During the 2018 championship playing season, Sodders injured his left shoulder while playing for the Lakeland Flying Tigers (the Single-A subclassification).  Pursuant to the subclassification he was playing in, Sodders was paid $1,500.00 per month.  After his termination, Sodders returned to college to complete his schooling.  He was not employed during that time and was paid temporary disability benefits until November 2021 when he began working as a sales representative for another employer.

Sodders sought an upwards adjustment of his AWW.  The parties agree that his AWW should be calculated according to Sodders' 2018 salary.  And the parties agree that the AWW should be computed under section 440.14(1)(d), Florida Statutes, which requires determining his AWW by computing the "full-time weekly wages."  But the parties differ on how to compute the full-time weekly wages.  Sodders claims that it should be calculated based on a yearly salary of $18,000.00 ($1,500.00 a month for twelve months).  Appellants claim that it should be calculated based on the Contract which provided a yearly salary of $7,500.00 ($1,500.00 for each of the five months of the championship playing season).

The JCC found the AWW to be $348.84.  The JCC took $1,500.00 per month and divided by 4.3 weeks per month.  This effectively attributed $1,500.00 per month throughout the year even though the Contract only contemplated payment for five months.  In support of his determination, the JCC explained that

2

Sodders "should not be restricted by the stringent terms" of the Contract because it "limited the payments of salary to the championship season, despite its control over [Sodders'] activities for the entire year." This timely appeal follows.

*Analysis*

This Court reviews the JCC's factual findings for abuse of discretion to determine whether they are supported by competent, substantial evidence. *See Jackson v. Hochadel Roofing Co.*, 657 So. 2d 1266, 1268 (Fla. 1st DCA 1995).

The method for calculating a claimant's AWW is governed by section 440.14(1), Florida Statutes (2018). The parties agree that the method under section 440.14(1)(a) does not apply because Sodders did not work for "substantially the whole of 13 weeks" before his injury. They agree that section 440.14(1)(b) does not apply because there is no similar employee. And Sodders does not elect to use the seasonal employee method under section 440.14(1)(c)[*]. Thus, the parties agree that the JCC was to determine the AWW under section 440.14(1)(d), the so-called catch-all provision, which provides: "If any of the foregoing methods cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used."

Under section 440.14(1)(d), the claimants' full-time weekly wages are "determined prospectively by using either the contract of employment or the actual earnings on the job where Claimant was working at the time of the injury." *Able Body Temp. Servs. v. Lindley*, 867 So. 2d 499, 500 (Fla. 1st DCA 2004) (citations omitted); *see also Penuel v. Cent. Crane Serv.*, 232 So. 2d 739, 742 (Fla. 1970) (explaining full-time weekly wages is determined "by

---

[*] Section 440.14(1)(c) may be available by election for a seasonal worker who earns income from alternative employment sources during other times of the year. Had Sodders earned income from other sources during the off-season, he could have included those amounts here. However, he had not earned other income through any off-season employment, and he did not elect calculation under this subdivision.

3

the 'contract of employment' or the 'actual earnings,' according to the circumstances of each case").

We are mindful that the JCC has broad discretion in determining a fair and reasonable full-time weekly wage under section 440.14(1)(d). *See Jackson*, 657 So. 2d at 1267. But that discretion is not unfettered. When interpreting contracts to determine the parties' rights and responsibilities, the JCC "cannot reform contracts or effect a remedy not provided in chapter 440." *Bend v. Shamrock Servs.*, 59 So. 3d 153, 156 (Fla. 1st DCA 2011). The JCC must capture the wages set forth in the contract or the actual earnings, and his finding must be supported by competent, substantial evidence. *See Penuel*, 232 So. 2d at 742.

The JCC abused his discretion when rejecting the Contract's express terms governing Sodders' wages. There is no competent, substantial evidence to support the JCC's finding that Sodders would be paid $1,500.00 per month over twelve months. The JCC concluded this despite recognizing the AWW must be determined by using the contract of employment or the actual earnings on the job at the time of injury. The JCC does not have discretion to reject the Contract's plain language, even where he finds it too "stringent." Nor does the law permit the JCC to supplement the Contract's explicit terms with his own more flexible terms. While it is true that Sodders' was obligated to perform under the Contract year around, he was permitted to seek other employment opportunities during the other seven months of the year. The Contract expressly provides he receive his salary only during the championship playing season.

### Conclusion

Because the JCC abused his discretion when computing Sodders' AWW, we reverse. On remand, the JCC must determine the AWW under section 440.14(1)(d), which requires that the determination be reasonably consistent with the contract of employment or actual earnings.

REVERSED and REMANDED.

LEWIS, J., concurs; BILBREY, J., specially concurs with opinion.

4

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

BILBREY, J., specially concurring.

I concur in the majority opinion and agree that the JCC abused his discretion in arriving at Sodders' average weekly wage based on the specific facts of this case. "The pertinent figure for a contracted salary is the amount which the claimant is legally entitled to earn." *Greater Fla. Outdoor Advert. v. Dichristina*, 591 So. 2d 1090, 1091 (Fla. 1st DCA 1992). The JCC's calculation of AWW here would provide a windfall to Sodders when he had not previously worked and had no plans of working in the offseason.[1] He was legally entitled to earn only $7,500 per year.

I write to point out that the operative contract between a claimant and employer is not always determinative in calculating the AWW under section 440.14(1)(d), Florida Statutes (2018). Section 440.14(1)(d) directs that "the full-time weekly wages of the injured employee shall be used" when subsections 440.14(1)(a) though (c) "cannot reasonably and fairly be applied." In determining the full-time weekly wages under this subsection, the statutory language must "be reasonably and fairly applied to the facts proven." *Penuel v. Cent. Crane Serv.*, 232 So. 2d 739, 742 (Fla. 1970); *see also Fla. Cast Stone v. Dehart*, 418 So. 2d 1271, 1272 (Fla. 1st DCA 1982).[2]

---

[1] Sodders testified about what he could earn in the offseason. But he had no offseason earnings from June 2016, when he signed the contract with the Tigers, until his injury. He did not testify to any agreements for offseason employment or any plans to work in offseason before he was injured.

[2] In *Penuel*, the applicable statutory language was in section 440.14(3). *Id.* at 742–43. In *Florida Cast Stone*, the language was in section 440.14(4). *Id.* at 1272. But the text of the applicable

5

As the majority opinion notes, "[f]ull-time weekly wages must be determined prospectively by using either the contract of employment or the claimant's actual earnings, according to the circumstances of the case." *Bruck v. Glen Johnson, Inc.*, 481 So. 2d 1209, 1211 (Fla. 1st DCA 1982) (citations omitted). We have stated "that the entire objective of wage calculation is to arrive at a fair approximation of claimant's *probable* future earning capacity." *Adart S. Polybag Mfg. v. Goldberg*, 495 So. 2d 826, 828 (Fla. 1st DCA 1986) (citations omitted); *see also Witzky v. W. Coast Duplicating*, 503 So. 2d 1327, 1329 (Fla. 1st DCA 1987) (same).

If Sodders had other earnings or even prospective actual earnings, then the "actual earnings" method rather than the "contract of employment" method should have been used to determine his probable future earning capacity. Using just the yearly contract in all cases could fail to adequately compensate an injured worker. But here I agree we are correct to apply the contract method and reverse.

_____

Robert W. Bleakley and Richard W. Ervin, IV of Bleakley Bavol Denman & Grace, P.A., Tampa, for Appellants.

Michael J. Winer of Winer Law Group, PA, Tampa, for Appellee.

---

statute in both those cases was the same as the current section 440.14(1)(d).