418 So.2d 1209 (1982)
Jeffrey E. BRUCK, Appellant,
v.
GLEN JOHNSON, INC., Risk Management Services, Inc., and/or Insurance Company of North America, Appellees.
No. AG-452.
District Court of Appeal of Florida, First District.
September 1, 1982.
*1210 Peter N. Meros of Meros, Coit, Edman, Meros, Smith & Meros, St. Petersburg, for appellant.
Mark E. Hungate of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellees Glen Johnson, Inc. and Ins. Co. of North America.
Ivan Matusek, St. Petersburg, for appellee Risk Management Services, Inc.
PER CURIAM.
This cause is before us on appeal and cross-appeal from a workers' compensation order denying benefits to claimant Jeffrey E. Bruck and granting the claim of carrier Risk Management Services, Inc. (Risk) for reimbursement, attorney fees and costs against carrier Insurance Company of North America (INA). On appeal, claimant contends that the deputy erred in denying his claim on the basis of the "going and coming rule," and in determining his average weekly wage. On the cross-appeal, carrier INA argues that the deputy further erred in finding that INA had coverage on the day of the subject accident and in awarding attorney fees to cross-appellee Risk. We reverse the denial of Jeffrey Bruck's claim on the appeal and further reverse the award of attorney fees to Risk on the cross-appeal. However, the award of reimbursement to Risk is affirmed.
Claimant and his brother, Scott Bruck, were both paid by appellee Glen Johnson, Inc. to perform construction work. Scott began work in late January, 1981 as a fire sprinkler fitter. The employer testified that he knew Scott had no transportation but did not know or care how he got to the job site.
Claimant started work on February 9, 1981 as a fire sprinkler fitter's helper and began driving Scott to work on that date. The uncontroverted testimony was that Scott was claimant's immediate supervisor and that claimant received all instructions from Scott. Claimant testified that, on the afternoon prior to the February 12, 1981 industrial accident, "Scott told me that he got a call from Bill Chance down at the office and that Bill wanted us to ... go to [the supply] house in the morning." Accordingly, on the date of the accident, claimant picked Scott up 15 to 20 minutes early so that they could go to the supply house, which was approximately ten miles out of the way, on the way to work. After picking up the parts at approximately 8:00 a.m., claimant and Scott left the supply house to drive to work. Both were injured in an automobile accident which occurred at approximately 8:20 a.m.
Jeffrey Bruck's subsequent claim for workers' compensation benefits was denied on the basis of the "coming and going rule." The deputy accepted the testimony of the employer that the employer never intended to furnish transportation to Jeffrey or Scott, that he never envisioned both claimant and Scott making the trip to the supply house on the morning of the accident, and that he would have asked another employee to go for the supplies if he had known that Scott could not go without claimant. Therefore, the order found that claimant was not in the course or scope of his employment at the time of the accident and was not entitled to benefits for the injury sustained.
The "coming and going rule" generally bars compensation for injuries sustained *1211 while an employee is going to or coming from work, on grounds such injuries are "essentially similar to other injuries suffered off duty away from the employer's premises, and, like those other injuries, are usually not work related." Eady v. Medical Personnel Pool, 377 So.2d 693, 695 (Fla. 1979). However, an exception to this rule exists where the employee is instructed by the employer to perform a special errand which grows out of and is incidental to his employment. Eady v. Medical Personnel Pool, supra; Moody v. Baxley, 158 Fla. 357, 28 So.2d 325 (1946).
Under the circumstances of this case, we find that the deputy erred in focusing on the employer's intent to send only Scott Bruck on the special errand, given the uncontroverted evidence that claimant had been instructed to perform an errand by Scott, who even the employer conceded was claimant's immediate supervisor, and was in the course of performing this errand when the automobile accident occurred. This errand required Jeff to drive approximately ten miles out of the way on his normal route to work and was sufficiently unusual in the context of his normal hours and duties to justify application of the special errand exception in this case. Eady v. Medical Personnel Pool, supra. Accordingly, the denial of Jeffrey Bruck's claim is reversed and the cause remanded for consideration of his entitlement to workers' compensation benefits.
The deputy also erred in determining claimant's average weekly wage on the basis of a 40-hour work week. Where, as here, the "13-week" and "similar-employee" methods of computing full-time average weekly wage are inapplicable, see Sections 440.14(1)(a) and (b), Florida Statutes, an employee's wages should be calculated according to his full-time weekly wages pursuant to Section 440.14(1)(d), Florida Statutes. Full-time weekly wages must be determined prospectively by using either the contract of employment or the claimant's actual earnings, according to the circumstances of the case. Simpkins v. Watson, 397 So.2d 432 (Fla. 1st DCA 1981); Penuel v. Central Crane Service, 232 So.2d 739 (Fla. 1970). In this case, there was no contract of employment, but the employer's actual pay records reflect that claimant worked and was paid for 27 hours in the three days immediately preceding his accident, for a projected total of 45 hours per week. The testimony of supervisors also indicated that most workers were receiving some overtime pay. While the deputy properly rejected claimant's testimony that he worked approximately 29.5 hours in the three days prior to the accident, the rejection of the employer's uncontroverted pay records was erroneous. Therefore, the deputy's computation of claimant's average weekly wage is reversed and remanded for recalculation based on a work week of 45 hours per week.
On the cross-appeal, INA urges that the deputy erred in finding that coverage on the date of the accident was afforded by INA and in awarding reimbursement to Risk. We affirm, as competent substantial evidence supported the deputy's finding of "dual coverage" pursuant to Section 440.42(2), Florida Statutes, which provides that in such cases "it shall be presumed that only that policy with the later effective date shall be in force and that the earlier policy terminated upon the effective date of the latter." The evidence indicated that INA assumed coverage prior to the accident and then subsequently attempted to revoke same. The award of reimbursement is affirmed.
However, the award of attorney fees in favor of Risk from INA must be reversed, as this court has held that Section 440.34, Florida Statutes, does not permit an award of fees to anyone other than claimant's attorney. Aetna Insurance Company v. Houck, 411 So.2d 936 (Fla. 1st DCA 1982). Risk's contention that it stood in the shoes of claimant is without merit, as Section 440.34 was intended to enable injured employees who had not received equitable compensation to engage competent legal assistance. Ohio Casualty Company v. Parrish, 350 So.2d 466 (Fla. 1977).
*1212 The order below is affirmed in part and reversed in part, and this cause remanded for proceedings in accordance with this opinion.
BOOTH, WENTWORTH and WIGGINTON, JJ., concur.