PER CURIAM.
In this workers’ compensation case, claimant appeals an order denying her claim for temporary partial disability (TPD) benefits, first, from March 3, 1983 through September 1983, and second, from November 1, 1983 until the date of the hearing, April 27, 1984. We reverse and remand that portion of the order as it relates to the prior period, but affirm the latter.
Claimant, a nurse’s assistant, sustained a work-related injury to her back on January 19, 1983. Claimant, after an absence from work for several days, returned to work with a physician’s restriction to avoid heavy lifting. She was at first given light-duty work for one week at the medical records department of the hospital, but she was thereafter terminated because physical limitations prevented her from performing her former work as a nurse’s assistant. After termination, she performed what the deputy deemed to be a satisfactory work search through September 1983. Benefits, however, were denied for this period because she was then receiving unemployment compensation benefits, which the deputy determined, relying upon Section 440.15(10)(a), Florida Statutes (Supp.1982), to be “a complete offset against temporary benefits.” She was also denied TPD thereafter in that she failed to conduct a work search of any kind, in large measure because she was on a full-time basis attending cosmetology school. We affirm the deputy’s denial of benefits during the time claimant conducted no work search. In the absence of a conscientious work search or a medically justifiable excu-sal from the duty to look for work, there is no entitlement to TPD compensation. See Eastside Bait & Tackle v. Humphrey, 440 So.2d 41 (Fla. 1st DCA 1983).
We reverse and remand the denial of TPD benefits from March 3, 1983 through September 1983, the time-frame that claimant was receiving unemployment compensation benefits. The deputy found ample evidence to support claimant’s entitlement to temporary benefits during this period as evidenced by a good faith work search; however, he denied the TPD benefits for this period, incorrectly concluding that unemployment benefits are a complete offset against temporary benefits. Section 440.15(10)(a), however, makes such *1352 payment a complete offset only against temporary total benefits — not TPD benefits. Section 440.15(10)(b), Florida Statutes (Supp.1982), provides that unemployment compensation benefits shall be primary and wage loss benefits shall be supplemental only, the sum of the two benefits not to exceed the amount of wage loss benefits which would otherwise be payable. There is no reference to TPD benefits in Section 440.15(10)(b), Florida Statutes (Supp.1982). However, Section 440.15(4)(a), Florida Statutes, defines TPD benefits as being based on “actual wage loss.” Therefore, for purposes of Section 440.15(10)(b), Florida Statutes (Supp.1982), we regard wage loss benefits as encompassing TPD benefits.[1] Claimant is entitled to receive any TPD benefits which exceed the amount of unemployment compensation benefits received during the period from March 3, 1983 through September 1983.
Affirmed in part, reversed in part and remanded for further consistent proceedings.
ERVIN, C.J., and SMITH and NIM-MONS, JJ., concur.

. In fact, in 1983 the Florida Legislature amended Section 440.15(10)(b) (Supp.1982) to specifically include temporary partial disability benefits.