473 So.2d 787 (1985)
Robert E. NEWELL, Appellant,
v.
SEABOARD CONTRACTORS and Claims Center, Appellees.
No. BD-458.
District Court of Appeal of Florida, First District.
August 7, 1985.
George J. Adler, Orlando, for appellant.
B.C. Pyle, Orlando, for appellees.
BOOTH, Chief Judge.
This cause is before us on appeal from a workers' compensation order finding claimant's *788 average weekly wage to be $259.99. The issues presented are: (1) whether the deputy commissioner erred, as a matter of law, in his determination of claimant's average weekly wage; and (2) whether there is competent, substantial evidence to support the deputy commissioner's determination that claimant's average weekly wage is $259.99, based upon his actual earnings.
Claimant, a 34-year-old high school graduate, suffered a compensable injury while employed by Seaboard Contractors (Seaboard), for whom he had worked as a carpenter for approximately a month before the date of his accident. Claimant was originally hired to work Fridays, Saturdays, and Sundays, ten hours a day, at $7.50 per hour. He also worked for Manpower Temporary Services (Manpower), where his rate of pay varied with the job. Claimant testified that, on the day before his accident, he was called in by Seaboard to work full-time, seven days a week, ten hours per day. Claimant also testified that, at the time of his accident, there were no similar employees who had worked for Seaboard for 13 weeks. Seaboard and its servicing agent had the opportunity to present evidence contrary to claimant's testimony but failed to do so. The deputy, however, found that claimant failed to prove by competent, substantial evidence that his average weekly wage and corresponding compensation rate should be greater than that established by his actual wages from Seaboard and his concurrent wages from Manpower.[1]
Since the deputy did not reject claimant's testimony and Seaboard and its servicing agent did not present any conflicting evidence, claimant's average weekly wage should be determined pursuant to Section 440.14(1)(d), Florida Statutes. Where the "13-week" and "similar employee" methods of computing full-time average weekly wage are inapplicable, an employee's wages should be calculated according to his full-time weekly wages pursuant to Section 440.14(1)(d), Florida Statutes. Full-time weekly wages must be determined prospectively by using either the contract of employment or claimant's actual earnings, according to the circumstances of the case. Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982). In the instant case actual earnings were not proved, but claimant's unrefuted testimony is that he was paid $7.50 an hour and was working full-time, ten hours a day, seven days a week, at the time of the accident. Accordingly, we reverse and remand for a new determination of claimant's average weekly wage, based on his wages under his new contract for hire, as testified to by claimant. This holding obviates the need to address the second issue presented on appeal. Nevertheless, we note there is no competent, substantial evidence to support the average weekly wage of $259.99, based upon claimant's wages from Seaboard and concurrent wages from Manpower.[2]
Reversed and remanded.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] There is no evidence that claimant was working for Manpower at the time of his injury. The wage information from Manpower shows that claimant was last paid for the week ending March 27, 1983, two days before claimant, according to his testimony, started working full-time for Seaboard. The fact that claimant's accident occurred on a Wednesday supports his contention that he had been changed to full-time employment since he was originally hired to work on the weekend crew.
[2] The wage information submitted by Seaboard shows claimant's last pay period as March 20, 1983. It does not show claimant's actual earnings between March 20, 1983, and March 30, 1983, the date of claimant's accident.