495 So.2d 826 (1986)
ADART SOUTH POLYBAG MFG., INC. and Sentry Insurance Company, Appellants,
v.
Gerard GOLDBERG, Appellee.
No. BJ-469.
District Court of Appeal of Florida, First District.
October 2, 1986.
Rehearing Denied October 29, 1986.
*827 Jere N. Chait of Miller, Hodges, Kagan & Chait, Miami, for appellants.
Stuart F. Suskin of Abrams & Suskin, North Miami Beach, for appellee.
ERVIN, Judge.
Adart appeals from an order of the deputy finding claimant's average weekly wage (AWW) to be $350 per week, awarding wage loss benefits from November 1, 1984 through August 31, 1985, and awarding medical treatment, interest, penalties, and costs. Adart raises two issues on appeal: (1) No competent, substantial evidence supports the award of wage loss benefits, and (2) the deputy erred, as a matter of law, in finding claimant's AWW to be $350 per week. We affirm.
As to the first issue, the e/c argues that in the absence of a work search, there can be no proof that claimant sustained any wage loss. Although we agree that there is no evidence of a work search, the absence of same, as applied to the facts at bar, does not require reversal. Prior to his industrial accident of September 27, 1983, claimant had been devoting approximately eight to twelve hours a day to the business, of which a substantial amount related to door-to-door soliciting. Following his later return to work, after the industrial accident, claimant could only work a few hours during the day, because he was unable to stand up or sit down for long periods of time.
Although a job search is generally required, Vantage Pointe v. Sowers, 463 So.2d 396, 398 (Fla. 1st DCA 1985), obtaining and performing a full-time job has been held to be the equivalent of a job search. See Stahl v. Southeastern X-Ray, 447 So.2d 399, 401, n. 4 (Fla. 1st DCA 1984). Here it would be improper to require claimant to perform a job search and look for work outside of claimant's business, which required his full time efforts  albeit at a diminished capacity  to keep going. Accordingly, claimant has borne his initial burden of showing his entitlement to wage loss, and, as the employer has otherwise failed to present evidence disclosing that claimant voluntarily limited his income, we affirm as to the first issue raised. See Tampa Electric Co. v. Bradshaw, 477 So.2d 624, 629 (Fla. 1st DCA 1985); D.L. Amici Co. v. Jackson, 444 So.2d 978 (Fla. 1st DCA 1983), rev. denied, 451 So.2d 848 (Fla. 1984).
As to the second point, that the deputy erred in finding the claimant's AWW to be $350 per week, we also affirm. There is competent, substantial evidence to support the deputy commissioner's finding that claimant's AWW was $350 per week, based on the testimony of claimant and his accountant, relating to claimant's contract of employment. Claimant stated that he and his brother had agreed that he would receive $350 per week, as monies became available. In September 1983, shortly before his accident, claimant drew $2100  the amount representing gross sales during the month of September  which was his first *828 draw since the business commenced in July 1983. Claimant's accountant stated that the $2100-draw was for six weeks' work, or $350 per week, pursuant to the contractual agreement, and that when claimant recovered sufficiently to return to work, he only received thereafter $150 a week, because the business was not successful enough for him to draw any greater amount.
We affirm as to this point as well. Where the "13-week" and "similar employee" methods of computing full-time AWW are inapplicable, an employee's wages should be calculated according to the full-time weekly wages method, pursuant to Section 440.14(1)(d), Florida Statutes. When applying subsection (1)(d), full-time wages must be determined prospectively, by using either the contract of employment, or claimant's actual earnings. Newell v. Seaboard Contractors, 473 So.2d 787 (Fla. 1st DCA 1985); Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982). In the case at bar, the 13-week provision is inapplicable, since claimant did not earn 13 weeks of pay prior to his accident, but only took out, as stated by claimant, a "token" of what his salary was due. Presumably, although claimant never actually received $350 per week, he quite conceivably could have, but for the accident that occurred in September 1983, which kept him out of work until March 1984, when at such time he needed to recoup his fixed business expenses and could only work part-time.
The deputy's liberal interpretation of the AWW statute is in accord with the views of Professor Larson, who states that the entire objective of wage calculation is to arrive at a fair approximation of claimant's probable future earning capacity. In other words, the proper basis for the calculation is not what claimant was in fact paid, but what he was entitled to earn. This in turn would seem to mean what he could have compelled his employer to pay him if he had exercised his legal rights. 2 A. Larson Workmen's Compensation Law (MB) § 60.11(d) at 10-560 (1981). Cf. Farmer's Gin Co., Inc. v. Rose, 374 So.2d 351 (Ala. Civ. App. 1979) (even though claimant did not actually receive contractual agreed-upon salary of $200 per week, the contractual arrangement was proper evidence of average weekly wage, in that the crucial factor was the obligation incurred by the employer, as evidenced by the contract to pay him $200 per week).
We apply the same rationale to the facts at bar. There was evidence from which the deputy could infer that the business, which claimant and his brother solely owned, was legally obligated to pay claimant $350 per week. That claimant did not actually receive such amount is immaterial under section 440.14(1)(d), in that the statute authorizes, as an alternative means of calculating an employee's AWW, the contract of employment. As the deputy's order is supported by both the law and the evidence, it is
AFFIRMED.
SHIVERS, J., concurs.
THOMPSON, J., specially concurring.
THOMPSON, Judge, specially concurring.
Based on the evidence before the deputy commissioner (deputy), I would not have found the average weekly wage of the claimant to be $350.00. The evidence on this issue was very weak and was mostly hearsay. Nevertheless, there was some, albeit very little, competent substantial evidence to support the deputy's finding. Although I disagree with the deputy, I will not attempt to substitute my judgment for his as that is not this court's function on appeal.