ERVIN, Judge.
The employer/carrier (e/e) appeals the deputy commissioner’s (dc) award of temporary total disability (TTD), temporary partial disability (TPD), and wage-loss (WL) benefits, as well as the award of attorney’s fees, interest, costs, and penalties. We find that , all of the above compensation benefits were properly awarded the claimant, but reverse the dc’s determination that the claimant’s average weekly wage (AWW) should be calculated in accordance with Section 440.14(l)(e), Florida Statutes (1979).
At the time of the his injury, claimant, then 18, was enrolled as an apprentice in the Union of Plumber’s Apprentice Program. The four-year program involved schooling as well as on-the-job training, for which he received a salary that increased as his training and schooling progressed. While working as a first year apprentice, the claimant fell from a fifth-floor balcony and sustained injuries to his right hip, back, spleen, and pelvis, and cut the top of his lip, causing facial disfigurement.
The claimant filed a claim for compensation benefits, requesting TTD and/or TPD benefits from April 9, 1980 (the date of the *194 accident) through July 7, 1982 (the date claimant alleged he had reached maximum medical improvement (MMI)), and WL benefits thereafter and continuing, with credit to be allowed the e/c for any wages earned or compensation already paid. At the hearing, the claimant contended that for purposes of calculating his AWW section 440.-14(l)(e), rather than 440.14(l)(a), the 13-week pre-injury method for determining AWW, was applicable. Section 440.14(l)(e) states:
If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages.
The dc agreed, holding that notwithstanding the fact that claimant was 18 years old at the time of injury, he nevertheless was considered a minor, because under the Workers’ Compensation Act, a “minor” is one who is either less than 18 years, or between the ages of 18 and 21 years, while enrolled as a full-time student in an accredited educational institution. See Sections 440.02(13)[1] and 440.16(2)[2] Florida Statutes. In the dc’s judgment, the Plumber’s Apprentice Program was an accredited educational institution; therefore the claimant’s AWW should be determined pursuant to the labor contract which provided for increases in the claimant’s salary as he progressed in the apprentice program.
We cannot agree with the dc’s interpretation of the above statutes. Sections 440.-02(13) and 440.16(2), relied upon by the dc, pertain to the receipt of death benefits by dependents of a deceased claimant. Both statutes contemplate the extension of death benefits to adults until they reach the age of 22, only if they are enrolled full-time in an accredited academic institution. The obvious intent in extending dependency benefits to such persons is the legislative recognition that it is unrealistic to assume that adult students, because they are normally unable to hold full-time jobs while going to school, will automatically become economically self-sufficient and independent at the age of 18. See 2 A. Larson The Law of Workmen’s Compensation § 63.23(d) (1987).
The rationale for extending the benefits of dependency to adult persons under the above circumstances is, however, clearly inapplicable to the calculation of AWW under section 440.14(l)(e). Neither section 440.14, nor for that matter any other statute of the Workers’ Compensation Law, confers any other benefit to one in the statutory status as a “child,” after he or she has reached the legal age of majority.
We therefore consider it unnecessary to resort to any other statutory language in Chapter 440 other than that used in section 440.14(l)(e). Since no statutory definition is provided under section 440.14, we follow the general rule of statutory construction, that words of common usage should be construed in their plain and ordinary sense. See Tatzel v. State, 356 So.2d 787 (Fla.1978); 49 Fla.Jur.2d Statutes § 123 (1984). As Section 743.07, Florida Statutes, provides that a person ceases to be a “minor” at the age of 18, and, as the claimant was 18 at the time of his injury, his AWW should have been computed pursuant to the method provided in section 440.14(l)(a).
We hold, nevertheless, that there was competent, substantial evidence to sustain the dc’s award of attorney’s fees, interest, costs, and penalties. The dc’s order shows that, had the claimant’s AWW been *195 computed under section 440.14(l)(a), his hourly wage would have been $6.30, representing an AWW of $252.00. The e/c had, however, below contended that the claimant was only entitled to an AWW of $187.60. Thus, since the e/c failed to pay the claimant his correct AWW, even under the proper statutory formula, the claimant was entitled to attorney’s fees, costs, interest, and penalties under Section 440.34, Florida Statutes.
REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings consistent with this opinion.
SMITH, C.J., and MILLS, J., concur.

. Section 440.02(13), Florida Statutes (1979), provides in pertinent part:
"Child" ... includes only persons who at the time of the death of the deceased employees are under 18 years of age, or under 22 years of age if a full-time student in an accredited educational institution.

. Section 440.16(2), Florida Statutes (1979), provides in pertinent part:
The dependence of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of 18 years of age, with the attainment of 22 years of age if a full-time student in an accredited educational institution, or upon marriage.