591 So.2d 1090 (1992)
GREATER FLORIDA OUTDOOR ADVERTISING and Executive Risk Consultants, Inc., Appellants,
v.
Thomas S. DICHRISTINA, Appellee.
No. 91-437.
District Court of Appeal of Florida, First District.
January 2, 1992.
Rehearing Denied January 30, 1992.
Christopher B. Young of Riden, Earle & Kiefner, P.A., St. Petersburg, for appellants.
John H. Thompson, IV, of Earle & Thompson, St. Petersburg, for appellee.
ALLEN, Judge.
The employer/carrier appeal, and the claimant cross-appeals, a workers' compensation order establishing the claimant's average *1091 weekly wage and awarding various benefits. We find that the claimant's average weekly wage, as determined under section 440.14(1)(d), Florida Statutes, should not have included an increase in the claimant's earnings after the time of the injury.
Section 440.14(1), Florida Statutes, contains a general reference to wages "at the time of the injury," and section 440.14(1)(d) contemplates the prospective assessment of such full-time weekly wages. See Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982); Simpkins v. Watson, 397 So.2d 432 (Fla. 1st DCA 1981). The average weekly wage determination under section 440.14(1)(d) may be based on the claimant's actual earnings or the contract of employment. See Penuel v. Central Crane Service, 232 So.2d 739 (Fla. 1970). The pertinent figure for a contracted salary is the amount which the claimant is legally entitled to earn. See Adart South Polybag Mfg. Inc. v. Goldberg, 495 So.2d 826 (Fla. 1st DCA 1986). This amount might encompass a future raise which is retroactively effective at the time of the injury. See Tampa Elec. Co. v. Bradshaw, 477 So.2d 624 (Fla. 1st DCA 1985).
The claimant was injured shortly after he began working for the employer under an arrangement by which he was paid an initial salary of $200 per week. Instead of using this figure in determining the claimant's average weekly wage, the judge used an increased salary of $350 per week which the claimant later earned in the employment. The future increase was contemplated at the time the employment commenced as it was agreed that the claimant would eventually be paid this amount, subject to approval by the employer's board of directors. But the increase was not retroactively effective, and the necessary approval was not obtained until after the claimant was injured. The average weekly wage determination under section 440.14(1)(d) should therefore have been based on the salary of $200 per week which the claimant was earning at the time of the injury.
The appealed order is reversed insofar as it establishes an average weekly wage based on a salary of $350 per week rather than $200 per week, and awards benefits thereon. The order is otherwise affirmed, and the cause is remanded.
SMITH, J. and WENTWORTH, Senior Judge, concur.