WIGGINTON, Judge.
The City of Miami brings this appeal from an order of the Judge of Compensation Claims increasing claimant’s average weekly wage. Claimant cross-appeals that order to the extent it denied his claim for temporary total disability or temporary partial disability benefits. For the following reasons, we reverse the issues raised on appeal and affirm the issue raised on cross-appeal.
Claimant was hired by the City of Miami as a standby laborer with the Department of Solid Waste. He had been working in that capacity for two days when, on January 22,1987, he sustained a crushing injury to his leg when it was pinned between the rear of a garbage truck and a loading dock. At the time of injury, claimant had worked a total of 18 hours at the rate of $7.30 per hour, earning $131.40. He subsequently filed a claim seeking, among other things, temporary total and/or temporary partial disability benefits, wage loss, and a determination of his average weekly wage. On the pretrial stipulation, claimant indicated that the AWW should be $296; the City maintained it should be $255.50.
At the hearing, claimant contended that although he was hired as an hourly employee, he was nonetheless required to work a 40-hour week. However, Lelia Barone, an administrative aide who then hired standby laborers for the Department, testified that a standby laborer fills a temporary position made available by permanent employees who are ill, on vacation, or on disability leave. She stated the Department maintains a pool of approximately 100-125 standby laborers who are selected to work on an “as needed basis."
Barone further explained that standby laborers are instructed to report to work at *1348 6:00 a.m. every morning, and those who are needed are sent out on a route. The standby laborers who are not needed are then sent home and are not paid. Standby laborers are paid by the hour; no one is authorized to offer employment to a standby laborer on a weekly basis.
John Kindi, Personnel Safety Officer in the Department, testified in addition that standby laborers were advised they might work one to five days a week, depending on work availability. A report reflecting the hours worked by week for the period of October 23, 1986, through January 22, 1987, for nine other standby laborers, each making $7.30 an hour, was admitted into evidence and revealed average weekly hours for the preceding 13 weeks ranging from a high of 39.38 hours to a low of 5.54 hours. Five of these standby laborers worked an average of between 33.54 hours to 39.38 hours.
In his order, the JCC found that claimant was hired as a standby laborer at the rate of $7.30 per hour. He specifically rejected claimant’s “contract-of-hire” assertion, finding that claimant had “no guarantee of a minimum work weekNevertheless, he found the “records of similar employees Shad S. Fields and John D. Hatcher (who both worked 50 hours per week) particularly relevant to this claimant’s work days.” The JCC went on to determine that claimant’s average weekly wage was $370 per week with a corresponding compensation rate of $246 per week. He utilized the similar employees provision in section 440.-14(l)(b), Florida Statutes (1985), but then enhanced the “hours worked” to 50 hours per week based on section 440.14(l)(e), Florida Statutes (1989), on the basis that “[claimant's attorney proffered that claimant was a minor of less than 22 years of age.”
In regard to the claim for TTD and/or TPD benefits, the JCC found claimant’s testimony to be entirely lacking in credibility, considered claimant’s lack of a work search, and noted that claimant had no physical or psychiatric work restrictions or limitations prohibiting him from finding work. Accordingly, the claim for those benefits was denied.
Addressing first the issue raised on cross-appeal, we affirm the JCC’s determination as being based on competent and substantial evidence. Dr. Gareia-Granda’s “preference” that claimant complete his studies before he conducts a work search does not rise to a bona fide medical excuse amounting to an exception to the general rule that, absent medical testimony of an inability to work, a claimant is required to conduct a search for employment. See generally, K-Mart v. Young, 526 So.2d 965 (Fla. 1st DCA 1988); Hill v. Baptist Hospital, 464 So.2d 1350 (Fla. 1st DCA 1985); Pompano Roofing Co., Inc. v. O’Neal, 410 So.2d 971 (Fla. 1st DCA 1982).
Turning now to the issues raised on appeal, we conclude based on an analysis of the pertinent statutory subsections and the evidence presented that the JCC failed to correctly apply section 440.14(l)(b), and erroneously enhanced claimant’s hours worked by virtue of section 440.14(l)(e).
As to the first issue, although the JCC initially correctly looked to subsection (l)(b) to consider a similar employee who does the same type of work and who was paid the same rate as the claimant, Carvell v. Caviness Motor Company, 552 So.2d 250, 251 (Fla. 1st DCA 1989), he nonetheless erred in concluding that claimant would have worked a nine-hour day and a total of 45 hours per week, and in doing so, by considering the records of employees Fields and Hatcher. First, it was error for the JCC to consider what claimant would have earned had he continued working, which meant he essentially extrapolated from subsection (l)(d), allowing application of actual wages. Here, subsection (l)(b) clearly applies; indeed, the JCC specifically rejected claimant’s “contract-of-hire” argument.
Second, as argued by the E/C, the JCC did not properly apply the statutory formula in subsection (l)(b). Specifically, he erred in considering the “records” of employees Fields and Hatcher. These “records” consist of one line regarding *1349 each individual on a biweekly payroll journal sheet, and there is no indication on that sheet whether Hatcher and Fields are similar employees. Certainly, as urged by the E/C, there is not enough information on the biweekly payroll journal to permit a calculation of the wages of either Hatcher or Fields within the contemplation of subsection (l)(b). In that respect, subsection (l)(b) implicitly requires contemplating the average of a similar employee’s weekly wages over a 13-week period, as opposed to focusing solely on what that employee earned during any given week. (Such information would appear to have been adequately set forth in the E/C’s exhibit no. 14.) Thus, the JCC’s finding of AWW is not based on competent and substantial evidence, and further reflects an erroneous application of the law.
Moreover, we hold the JCC erred in enhancing claimant’s hours worked by virtue of section 440.14(l)(e). The E/C argue that the 1985 version of this subsection applies, as opposed to the 1989 amendment which specifically brought within its ambit claimants under the age of 22. Cf., Sam Bloom Plumbing Company v. Boykin, 513 So.2d 193 (Fla. 1st DCA 1987). However, we need not reach the retroactivity issue. Under either version, in determining a correct AWW, if the injured employee was a minor when injured, it is presumed that his or her wages would have increased during the period of disability absent the injury. However, contrary to claimant’s position herein, a reasonable reading of subsection (l)(e) indicates it was not intended to be applied automatically, but only where the facts and circumstances show that the employee’s wages were not as great due to his minority.
In the instant case, there is no indication that claimant was making any less per hour due to his age. Rather, it was abundantly clear that he was earning wages commensurate with his status as a standby laborer, regardless of his age, and that his wages would have been expected to increase only on the basis of increased hours worked. There was also no showing that the similar employees who also made $7.30 per hour were minors. Accordingly, the JCC. erred in applying this enhancement feature.
Based on the foregoing, we reverse the order to the extent that it increases claimant’s average weekly wage and remand the cause to the JCC for further proceedings to redetermine claimant’s AWW on the basis of a comparison of the average wages of a similar standby employee under section 440.14(l)(b).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SHIVERS and BARFIELD, JJ., concur.