624 So.2d 343 (1993)
EFFICIENT SYSTEMS, INC. and The Claims Center, Appellants,
v.
The FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF WORKERS' COMPENSATION, Appellee.
No. 92-2625.
District Court of Appeal of Florida, First District.
September 14, 1993.
*344 Dennis A. Ross, Ross, Williams, DiCesare & Davidson, P.A., Lakeland, for appellants.
George M. Murphy, Langston, Hess, Murphy & Bolton, Maitland, for appellee.
WOLF, Judge.
Efficient Systems, Inc. and The Claims Center (E/C) appeal from an order of the judge of compensation claims (JCC) determining claimant's average weekly wage (AWW). The issue raised by appellant is whether the judge incorrectly interpreted section 440.14(1)(d) by utilizing weekly wages from a prior employer in calculating the claimant's average weekly wage. We find that the JCC incorrectly calculated the AWW, and remand in order that the AWW may be recalculated.
Claimant began working as a sales representative for Efficient Systems, Inc. (ESI) on August 12, 1991. On August 19, 1991, the claimant was injured in the scope of his employment. While with ESI, claimant was earning $200 a week for the one week he was there. Although his contract of employment also included sales commission, claimant made no sales during this period.
For the nine weeks prior to employment with ESI, claimant was in almost identical employment with DeSear's Central Air, Inc. He worked with DeSear's from June 10, 1991, to August 9, 1991. Claimant earned $400 a week for the nine weeks he was employed there. The $400 represented a base salary and while claimant was eligible for commissions, he did not make any sales while employed with DeSear's. The parties stipulated that the claimant's employment with ESI and DeSear's was similar in nature, and that claimant worked a combined total of ten weeks with DeSear's and ESI. Both parties further stipulated that neither ESI nor DeSear's had any similar employees and that claimant was not a seasonal worker.
A hearing was held on the sole issue of the appropriate calculation of claimant's average weekly wage. Both parties stipulated and the JCC found that section 440.14(1)(d), Florida Statutes (1991), was the proper section to be used to calculate claimant's average weekly wage. The JCC also found that claimant was entitled to average weekly wages of $380 based on an average of his combined wages from DeSear's for nine weeks and his wages from ESI for one week. In deciding to utilize the salary from the previous employment in making the calculation of present AWW, the JCC relied on the cases of Deutscher v. Cloverleaf, 4 F.C.R. 93 (1959), and Strickland v. Neil's Painting, 545 So.2d 333 (Fla. 1st DCA 1989).
*345 To determine average weekly wage, one must apply one of the subsections contained in section 440.14(1), Florida Statutes (1989). Section 440.14(1)(d) is the section both parties agree applies to the claimant. Section 440.14(1)(a) applies only in cases in which the employee has worked "substantially the whole of 13 weeks immediately preceding the injury". Both parties in the case at bar agree that the claimant did not work substantially the whole of 13 weeks. Section 440.14(1)(b) allows for the wages of a similar employee to be used in calculating average weekly wages for employees who have not worked substantially the whole 13 weeks immediately preceding the injury. Both parties stipulated that neither company had any similar employees. Section 440.14(1)(c) only applies to seasonal employees, which claimant was not.
Section 440.14(1)(d), which applies here, states as follows:
(d) If any of the foregoing methods cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used, except as otherwise provided in paragraph (e) or (f).[1]
In Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982), this court held that where the 13 week and similar employee methods of calculating average weekly wages do not apply, the employee's wages should be calculated according to his full-time weekly wages. Id. at 1211. In Penuel v. Central Crane Serv., 232 So.2d 739 (Fla. 1970), the court held that full-time weekly wages should be determined prospectively by using either the contract of employment or the claimant's actual earnings on the job where the claimant is working at the time of the injury. See also Greater Florida Outdoor Advertising v. Dichristina, 591 So.2d 1090 (Fla. 1st DCA 1992) (average weekly wage determination may be based on claimant's actual earnings or contract of employment). The focus is, thus, on the present employment contract, unlike the analysis pursuant to paragraph (a) of subsection (1) which may involve application of wages from a prior job as well as the present job. In determining the value of full-time weekly wages pursuant to paragraph (d), past wages from prior employment are not necessarily probative. The cases relied on by the JCC in support of utilizing past wages from another employer in calculating average weekly wages, pursuant to section 440.14(1)(d), Florida Statutes (1990), are inapplicable. In both Deutscher, supra, and Strickland, supra, the question was whether past employment could be utilized to determine the applicability of section 440.14(1)(a), Florida Statutes, and its predecessor. In the instant case, both parties stipulated that the section is inapplicable.
In this case, there is no evidence that the past employment wages bear any relationship to the anticipated full-time weekly wages from claimant's present employment. Under these circumstances, it was error to utilize past wages in calculating average weekly wage. The E/C urges us to determine that the AWW was $200 a week. The employment contract of claimant, however, included commissions. It is unclear whether claimant could present competent evidence as to the anticipated value of this provision. We, therefore, are unable to determine average weekly wage, and we remand to the JCC to determine the appropriate AWW in accordance with this opinion.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] Neither paragraph (e) [employees under age 22] nor paragraph (f) [part-time employees] applies to the case at bar.