ZEHMER, Chief Judge.
Mitchell Sheffield appeals from the final order of the judge of compensation claims denying and dismissing his claim for an increase in the calculation of his average weekly wage and corresponding compensation rate under subsection 440.14(l)(d), Florida Statutes (1991). We conclude that the judge misapplied our decision in City of Miami v. Fernandez, 603 So.2d 1346 (Fla. 1st DCA 1992), and reverse.
The record shows that Mitchell Sheffield and Vernon Brannen agreed on a Friday in late August 1991 that Sheffield would begin working for Brannen at nine dollars per hour for forty hours per week. Sheffield testified that he and Brannen also agreed that Sheffield would be able to work an additional ten to fifteen hours per week in overtime. Bran-nen, on the other hand, testified that he did not remember whether he had agreed to ten to fifteen hours of overtime and maintained he does not guarantee anybody overtime work. Brannen did admit, however, that ten to fifteen hours of overtime would not have been out of line; and, when asked whether at the time of his hiring Sheffield would have made more than $360 per week, Brannen responded, “I would think so.”
The evidence also established that the “normal” work week for Brannen’s employees begins on Friday and proceeds through to the following Thursday, with Saturday being a contemplated overtime day. Although he was hired on a Friday, Sheffield actually began work the following Saturday and worked the remainder of the work week. He was seriously injured on the next Friday morning. Brannen testified that he paid Sheffield $360 for the one full work week preceding the injury, but did not consider the first Saturday to be overtime because Sheffield had not worked the previous Friday.
On these facts, the judge of compensation claims found that Sheffield did not work substantially the whole of thirteen weeks immediately preceding the injury and that there was no similar employee. Consequently, applying subsection 440.14(l)(d), the judge considered Sheffield’s full-time weekly wages or his contract for hire and found Brannen had agreed to pay Sheffield nine dollars per hour for forty hours per week and calculated Sheffield’s average weekly wage to be $360. The judge rejected Sheffield’s contention that, in addition to the forty hours, the terms of his employment contemplated ten to fifteen hours of overtime, finding that Brannen had not agreed to any specific amount of overtime and that, in any event, there was no evidence establishing that any overtime was available during the period in question. In so finding, the judge specifically cited to this court’s decision in City of Miami v. Fernandez, 603 So.2d 1346 (Fla. 1st DCA 1992), for the stated proposition (according to the judge) that “it is error for a JCC to consider “what the claimant would have earned had he *983 continued working’ so as to arrive at an amount of actual wages.” In so stating, the judge misapprehended the holding of Fernandez and misapplied it to the facts of this ease.
We did not hold in Fernandez that a judge of compensation claims cannot consider “what the claimant would have earned had he continued working” when determining the claimant’s full-time weekly wages under subsection 440.14(l)(d). Rather, we reversed the judge’s determination of the average weekly wage in Fernandez because, under the facts of that case, the “similar employee” provision in subsection (l)(b) clearly applied. Although the judge in Fernandez initially looked to subsection (l)(b), he nonetheless erroneously increased the AWW by also considering what the claimant would have earned had he continued in his employment, as if subsection (l)(d) also applied and the judge was considering the claimant’s actual wages. Nothing in our decision in Fernandez suggests that if subsection 440.14(l)(d) properly applies, the judge of compensation claims cannot consider the claimant’s prospective wages. Indeed, such a proposition would be contrary to established law. See Penuel v. Central Crane Service, 232 So.2d 739 (Fla.1970); Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982); Simp-kins v. Watson, 397 So.2d 432 (Fla.'1st DCA 1981).
We cannot say that the judge’s misunderstanding of Fernandez is harmless error. It is obvious from the judge’s further findings that he felt constrained to consider' only the availability of overtime during the short period of Sheffield’s employment rather than Sheffield’s prospective opportunity for overtime. Brack v. Glen Johnson, Inc. Furthermore, the record does not support a finding that there was “no evidence” of overtime during the period in question. Bran-nen, himself, testified that Sheffield would have made more than $360 per week and that ten to fifteen hours of overtime was not out of line. In addition, it was undisputed that Sheffield’s first day on the job was on a Saturday, a fact that lends credence to his argument that not only did he intend to work overtime, but that overtime was generally available. The judge’s misinterpretation of Fernandez may have led him to discount this evidence.
Therefore, we reverse the appealed order and remand for reconsideration of the evidence in a manner consistent with this opinion.
REVERSED and REMANDED.
ALLEN and KAHN, JJ., concur.