PER CURIAM.
Claimant, Willie Cody, appeals from an order of the judge of compensation claims (JCC) determining his average weekly wage (AWW), as a part-time employee. He con *877 tends first that he was a full-time, rather than part-time worker for the employer, United Parcel Service, pursuant to section 440.14(1)©, Florida Statutes (1991). In the alternative, he contends that if the JCC correctly determined his status as a part-time employee, the JCC should not have used the 13-week formula of section 440.14(l)(a) to decide AWW, because he did not work substantially all of the 13 weeks preceding his injury. We affirm the first issue, because the JCC’s finding thereon was supported by competent, substantial evidence, but reverse the second issue and remand for further proceedings.
Section 440.14(l)(a) provides that the AWW shall be l/13th of a claimant’s wages earned during the 13 weeks preceding the injury, so long as the claimant worked “substantially the whole of [the] 13 weeks,” which is defined as “not less than 90 percent of the total customary full-time hours of employment within such period considered as a whole.” This provision is appropriately applied in determining a part-time worker’s AWW. Silver Springs, Inc. v. Scardo, 408 So.2d 844 (Fla. 1st DCA 1982).
Having decided that Cody was a part-time worker, the JCC next reviewed the actual wages Cody earned during the 13 weeks before his injury, using section 440.14(l)(a) as a model. The JCC did not, however, determine whether claimant worked at least 90 percent of his customary part-time hours during the preceding 13 weeks. This was error. See Coleman v. Burnup & Sims, Inc., 95 So.2d 895 (Fla.1957) (reversing an order wherein the AWW was based on the wages of a similar employee, because the JCC never ascertained the total customary full-time hours of the similar employee; thus it was impossible to determine whether such employee worked no less than 90 percent of the customary hours).
On remand, the JCC must determine Cody’s total customary part-time hours in order to decide whether section 440.14(l)(a) is applicable. If it is not, the JCC is required to calculate Cody’s AWW as a result of his unique employment situation. Florida Cast Stone v. Dehart, 418 So.2d 1271 (Fla. 1st DCA 1982); Davidson Lumber Co. v. Smith, 390 So.2d 1221 (Fla. 1st DCA 1980).
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
ERVIN, KAHN and BENTON, JJ., concur.