685 So.2d 66 (1996)
Jean MAURANSSI, Appellant,
v.
CENTERLINE UTILITIES CONTRACT CO. and Claims Center, Appellees.
No. 96-1241.
District Court of Appeal of Florida, First District.
December 20, 1996.
Gloria Pomerantz, Fort Lauderdale, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
*67 Jack A. Weiss of Conroy, Simberg, Lewis & Ganon, P.A., West Palm Beach, for Appellees.
BENTON, Judge.
On the purported authority of section 440.14(1)(d), Florida Statutes (1995), the order under review puts Jean Mauranssi's average weekly wage at $328.34. Mr. Mauranssi contends that the judge of compensation claims erred in basing this decision solely on wages the claimant had earned in the past, instead of making a prospective determination that took into account the raise he received a month before his accident. We agree with this contention, and reverse.
Section 440.14, Florida Statutes (1995), prescribes methods for calculating a claimant's average weekly wage. See Cody v. United Parcel Serv., 681 So.2d 876 (Fla. 1st DCA 1996).
(a) If the injured employee has worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks....
(b) If the injured employee has not worked in such employment during substantially the whole of 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in making the determination under the preceding paragraph.
(c) If an employee is a seasonal worker and the foregoing method cannot be fairly applied in determining the average weekly wage....
(d) If any of the foregoing methods cannot reasonably and fairly be applied, the full-time weekly wages of the injured employee shall be used, except as otherwise provided ... [for employees under 22 years of age or part-time employees].
. . . .
....(f) If it established that the injured employee was a part-time worker at the time of the injury, that he had adopted part-time employment as his customary practice, and that under normal working conditions he probably would have remained a part-time worker during the period of disability, these factors shall be considered in arriving at his average weekly wages. For the purpose of this paragraph, the term "part-time worker" means an individual who customarily works less than the full-time hours or full-time workweek of a similar employee in the same employment.
§ 440.14(1), Fla.Stat. (1995). The statute specifically provides:
As used in this paragraph, the term "substantially the whole of 13 weeks" shall be deemed to mean and refer to a constructive period of 13 weeks as a whole, which shall be defined as a consecutive period of 91 days, and the term "during substantially the whole of 13 weeks" shall be deemed to mean during not less than 90 percent of the total customary full-time hours of employment within such period considered as a whole.
§ 440.14(1)(a), Fla.Stat. (1995). Since Mr. Mauranssi did not work "substantially the whole of 13 weeks immediately preceding the injury," subsection (1)(a) does not control.
Because the parties stipulated that, as a factual matter, there was no similarly situated employee, section 440.14(1)(b), Florida Statutes (1995), does not apply. Subsection (1)(c) has no application because the claimant is not a "seasonal worker." Nobody contends otherwise. Finally, the judge of compensation claims determined subsection (1)(f) to be inapplicable in finding that Mr. Mauranssi was not a part-time worker. There was testimony that the claimant worked forty hours or more a week unless inclement weather prevented. This statutory process of elimination leads to the conclusion that section 440.14(1)(d), Florida Statutes (1995), is the controlling provision.
The compensable accident in which Mr. Mauranssi was injured took place on September 21, 1994, while he was working for Centerline Utilities Contract Company, as a pipe layer and mason. On August 22, 1994, some *68 four weeks before the accident, he had received a raise in pay to $10 per hour. Before that, he was paid at the rate of $9 per hour.
For the fifteen full weeks immediately preceding his injury, Mr. Mauranssi worked these hours and was paid these wages:

 Week Hours Worked Gross Pay
June 6-12, 1994 38.0 $342.00
June 13-19, 1994 40.0 360.00
June 20-26, 1994 32.0 288.00
June 27-July 3, 1994 41.0 373.50
July 4-10, 1994 25.0 225.00
July 11-17, 1994 32.5 292.50
July 18-24, 1994 39.5 355.50
July 25-31, 1994 33.5 301.50
August 1-7, 1994 17.0 153.00
August 8-14, 1994 0 0
August 15-21, 1994 0 0
August 22-28, 1994 23.5 235.00
August 29-September, 1994 44.0 460.00
September 5-11, 1994 42.5 557.50
September 12-18, 1994 32.5 325.00

At all pertinent times, he was entitled to time-and-a-half for each hour over forty worked in a single week. He was in fact paid time-and-a-half for ten and a half hours worked during the week of September 5, 1994. Mr. Mauranssi also worked nine hours on each of the two days immediately preceding the accident, earning a total of $180.
Section 440.14(1)(d), Florida Statutes (1995), requires that "full-time weekly wages of the injured employee" be the standard for calculating average weekly wages. The decided cases make clear, however, that a "full-time" work week need not be a forty-hour week. For purposes of subsection (1)(d), a "full-time" work week can be fewer than twenty-five hours, Jackson v. Hochadel Roofing Co., 657 So.2d 1266 (Fla. 1st DCA 1995), or as many as forty-five hours per week, Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982), depending on the injured employee's job history or employment contract. Under subsection (1)(d), "full-time weekly wages should be determined prospectively by using either the contract of employment or the claimant's actual earnings on the job where the claimant is working at the time of the injury." Efficient Sys., Inc. v. Florida Dep't of Labor and Employment Sec., 624 So.2d 343, 345 (Fla. 1st DCA 1993). Determinations under subsection (1)(f) are similarly prospective.
Section 440.14(1)(d), Florida Statutes (1995), has been construed to give the judge of compensation claims considerable latitude in choosing an appropriate retrospective time period to utilize as a basis for predicting a claimant's prospective average weekly wage.
The JCC has broad discretion in determining a fair and reasonable calculation of average weekly wage under section 440.14(1)(d). See, e.g., Mayflower Corp. v. Wilma O. Davis, 655 So.2d 1134 (Fla. 1st DCA 1994); Spartan Electronics v. Russell, 513 So.2d 153 (Fla. 1st DCA 1987)(deputy commissioner correctly determined AWW under section 440.14(1)(d) by using the eleven weeks preceding the injury, when the thirteen week period specified by subsection (a) was inapplicable because the employee was laid off or the plant was closed for two of those thirteen weeks); Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982) (calculating AWW based upon actual wages pursuant to subsection (d) utilizing the three days preceding the accident); Florida Cast Stone v. Dehart, 418 So.2d 1271 (Fla. 1st DCA 1982)(calculating fair and reasonable AWW based upon actual wages pursuant to subsection (d) utilizing the five weeks preceding the injury and exercising discretion to exclude two earlier weeks in which the claimant had lower earnings). *69 Jackson, 657 So.2d at 1267-68. Here, finding that Mr. Mauranssi did not have a contract of employment, the judge of compensation claims totaled Mr. Mauranssi's gross pay for the fifteen full weeks next preceding the injury, thenbecause he did not work at all for two of those weeksdivided by thirteen, to arrive at an average weekly wage of $328.34. See, e.g., Spartan Electronics.

The $328.34 average weekly wage arrived at by the judge of compensation claims accurately reflected what Mr. Mauranssi had been earning, and might well have been a fair prospective indication, but for his recently secured raise. We cannot say that competent substantial evidence did not support the implicit finding that the hours Mr. Mauranssi worked in the past were indicative of the hours he would work in the future. During only four of the weeks to which the judge of compensation claims looked, however, was Mr. Mauranssi being paid at the rate obtaining at the time of the injury. The calculation made no adjustment to reflect the fact that Mr. Mauranssi's rate of pay had increased so that he would make more in the future than he had in the past. It therefore failed to determine "full-time weekly wages ... prospectively." Efficient Sys., 624 So.2d at 345 (emphasis supplied).
"[T]he average weekly wage must be computed on a prospective basis when the legislatively prescribed retrospective methods, the `13-week' and `similar employee' methods, provided in Sections 440.14(1)(a) and (b) respectively, are not applicable." Simpkins v. Watson, 397 So.2d 432, 434 (Fla. 1st DCA 1981). "When applying subsection (1)(d) ... wages must be determined prospectively." Adart South Polybag Mfg., Inc. v. Goldberg, 495 So.2d 826, 828 (Fla. 1st DCA 1986).
Nothing in our decision in [City of Miami v.] Fernandez [603 So.2d 1346 (Fla. 1st DCA 1992)] suggests that if subsection 440.14(1)(d) properly applies, the judge of compensation claims cannot consider the claimant's prospective wages. Indeed, such a proposition would be contrary to established law. See Penuel v. Central Crane Service, 232 So.2d 739 (Fla.1970); Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982); Simpkins v. Watson, 397 So.2d 432 (Fla. 1st DCA 1981).
Sheffield v. Brannen's Land Clearing, 666 So.2d 981 (Fla. 1st DCA 1996). A prospective determination of average weekly wage under subsection (1)(d) "might encompass a future raise which is retroactively effective at the time of the injury." Greater Florida Outdoor Advertising v. Dichristina, 591 So.2d 1090, 1091 (Fla. 1st DCA 1992)(citing Tampa Elec. Co. v. Bradshaw, 477 So.2d 624 (Fla. 1st DCA 1985)). Here appellant had already received a raise when he was injured.
Accordingly, we reverse and remand with directions that the judge of compensation claims take Mr. Mauranssi's raise into account in determining his (prospective) average weekly wage.
ERVIN and KAHN, JJ., concur.